## E. T. MORROW ET AL. v. T. N. FLEMING.

Decided June 10, 1902.

**1.—Trespass to Try Title—Boundaries—Requisite Proof.**

Where the action was in trespass to try title to land described as in the north half of a certain league and lying north of a certain fence, and plaintiff showed title to the north half of the league, and the defendant, who had pleaded not guilty and admitted possession of land north of the fence, denied that plaintiff had title thereto, or that it was in the north half of the league, plaintiff was required, since the action was in fact a mere boundary contest, to show that the land sued for lying north of the fence was within the boundaries of his title.

**2.—Same—Defenses.**

Where the defendant in trespass to try title pleads not guilty, he may de-

fend on the ground that the title proved by plaintiff does not include the land sued for, and failing in this, may then urge the defense of title by limitation or conveyance.

**3.—Practice—Demurrer to Evidence.**

Where defendant's attorney, after plaintiff's had closed their case, stated that he would urge as a defense that plaintiff's evidence, standing alone, was insufficient to sustain a judgment, but proceeded to offer testimony for the defense without invoking the judgment of the court as to the sufficiency of the evidence, this did not amount to a technical demurrer to the evidence.

Appeal from Victoria.   Tried below before Hon. James C. Wilson.

*Fly & Hill,* for appellants.

*Dabney & Lockett* and *J. V. Vandenberg,* for appellee.

GILL, ASSOCIATE JUSTICE.—The appellants brought this suit in the form of an action of trespass to try title to recover of appellee the following described land:   Beginning on McKnight's lower line 5778 varas from Sideck's upper corner on the San Antonio River at a point where the upper line of the Sideck league crosses the back line of Terrell's fence.   Thence with said O. L. Terrell's fence S. 75 E. 1500 varas to the division line of said league.   Thence N. 15 E. 1240 varas to the back line of the league.   Thence N. 75½ W. with the said back line 1500 varas to N. or N. W. corner of the Sideck league.   Thence S. 15 W. 1240 varas to the place of beginning containing 306 acres.

Appellee answered by general denial, not guilty, and pleaded limitation of three, five, and ten years.   To the pleas of limitation appellants replied by pleas of disability.   On a trial by the court without a jury the contest under the plea of not guilty developed into one of boundary, the appellee contending that the upper half of the Sideck league did not include any land north of Terrell's pasture fence.   It was also contended by appellee that if it should be found that the upper half of the Sideck league included land north of said fence and therefore the land in controversy, that appellee nevertheless had title thereto under a deed from the parents of appellants and also by limitation.

The conclusions of fact found by the court are as follows:

"(1)   I find that the plaintiffs have title to upper or northwest half of the Anthony Sideck league, derived by them from the separate estate of their mother, Rosa Morrow, deceased.

"(2)   The land sued for is described in the petition as a part of this half of the Sideck league, that is, of this half divided from the other half by a line running from the front to the back of the league parallel to the side lines.   But the land sued for is described as lying north of Terrell's middle fence and in the defendant's pasture.   The evidence, in my opinion, does not show that land of plaintiffs is situated as alleged by them in the defendant's pasture or possession.   On the contrary, I am of the opinion that the evidence shows that no part of the land of plaintiffs is in defendant's possession or lay north of Terrell's pasture.

"(3) I find for the defendant upon his plea of not guilty, solely on the ground that plaintiffs failed to show the land to which they had title was situated in the possession of the defendants, and I find as a fact that plaintiff showed title only under the Sideck survey and under no other survey.

"(4) I find that the defendant failed to establish his plea of limitation, and the plaintiffs were shown to have been under such disability of minority as to protect them against limitation."

The north half of the Anthony Sideck league was owned by Rosa T. Morrow, the mother of appellants, in her separate right, and they showed title in themselves as her heirs.

The appellee offered in evidence a deed from Rosa T. Morrow and her husband, E. T. Morrow, conveying to one Harvey 648 acres out of the north half of the Sideck. This deed was excluded on objection because it was not properly acknowledged by the wife. It was then offered as the deed of E. T. Morrow as a basis of limitation of five years and was admitted for that purpose, appellee having shown a conveyance from Harvey to himself. It was shown that of this 648 acres which was purchased and conveyed as if a part of the north half of the Sideck league, appellee sold and conveyed 348 acres to A. C. Terrell, and that same was inclosed by Terrell within his pasture.

The evidence was conflicting as to whether the north half of the Sideck included any land north of Terrell's fence as mentioned in the petition, but is sufficient to support the judgment of the trial court that it did not, and that therefore the land sued for alleged to be bounded on the south by Terrell's fence was not shown to belong to appellants. The evidence is undisputed that appellants owned the quantity of land sued for on the north half of the Sideck, and the court so found.

It would serve no useful purpose to enter into a detailed discussion of the evidence. It has the usual features of difference of opinion of surveyors as to the length of lines, meaning of maps, and conflicts with adjoining surveys. For the purposes of this opinion the foregoing statement of the facts is sufficient

Under the fifth assignment it is contended that the court erred in finding for defendant on the ground that he was not shown to be in possession of the land sued for, and under the sixth that it was error to conclude as a fact that he was not shown to be in possession. The seventh and eighth assignments present the same propositions in another form. We have already found that the evidence, though conflicting, is sufficient to support the fact conclusion of the court.

In further support of these propositions it is urged that appellee by his plea of "not guilty" admitted possession of the land sued for, and that the court after finding that the plaintiffs had title to that amount of acreage in the upper half of the Sideck had no other course open than to find for appellants.

We are of opinion the appellants in urging these contentions have misconceived the effect of the plea of not guilty as an admission of pos-

session and put a strained construction upon the findings of the trial court. It is true that in actions of trespass the plea of not guilty admits possession by defendant and denies the title of plaintiff. In such case when the plaintiff has shown title to the land described in his petition he is entitled to his judgment.

In the case at bar the plaintiff sues for land described as a part of the north half of the Sideck league, and avers that it is situated north of Terrell's fence. The appellee admits, by his plea of not guilty, that he has possession of 306 acres north of Terrell's fence as described in the petition, but under his plea can and does deny that plaintiff has title thereto and denies that it is included in the north half of the Sideck league. In this way suits brought and answered in the technical form of trespass to try title are not infrequently upon trial converted into mere boundary contests. The allegation that the land sued for is bounded on the south by Terrell's fence becomes the controlling allegation by which to test its location upon the ground, and though appellants showed title to the north half of the Sideck league, it devolved upon them to go further and show that the land sued for as lying north of Terrell's fence was included within the boundaries of their title.

A fair construction of the trial court's findings is that appellants showed title to the land in the Sideck league, and if it lay north of Terrell's fence and in appellee's pasture the appellee had shown no title thereto either by limitation or otherwise, but that the land sued for was not shown to be included in the Sideck, as that survey did not extend north of Terrell's fence, and the land to which appellee showed possession in himself and to which he admitted possession in his pleadings was not included in the Sideck survey.

The fact that appellee sought to show title from the ancestor of appellants and that he pleaded limitation has nothing to do with the defenses coming under the plea of not guilty. He may first defend on the ground that the title proved by appellants does not include the land sued for, and if successful on that issue the appellants are not entitled to judgment whether appellee has title or not. If that defense fails or is overthrown, the defendant may then fall back upon his defense of title by limitation or conveyance.

Under the ninth assignment it is contended that as appellee demurred to appellants' evidence before offering any in his own behalf, the court erred in not rendering judgment for appellants. The record shows that when appellants closed their case on the proof, appellants' counsel stated to the court that he would urge as a defense that appellee's evidence standing alone was insufficient to sustain a judgment in his favor. He did not however invoke the judgment of the court as to the sufficiency of the evidence, but proceeded to offer testimony for the defense.

It is clear to us that this did not amount to a technical demurrer to the evidence, and the court did not err in the respect complained of.

The other assignments affect only the issue of limitation, and as the

court did not sustain that defense they need not be noticed. Nor in view of the determination of this appeal is it necessary to dispose of the cross-assignments.

No errors are presented which require a reversal. The judgment is therefore affirmed.

*Affirmed.*